IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ELGENE ROBERTS, | § | |
| #21539-077, | § | |
|     Movant, | § | |
| | § | |
| v. | § | 3:12-CV-4258-K |
| | § | (3:10-CR-0332-K(02)) |
| UNITED STATES OF AMERICA | § | |
|     Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court for consideration are movant Elgene Robert's *pro se* motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255. For the reasons set out below, the § 2255 motion is denied.

### I. BACKGROUND

On June 21, 2011, the Government charged movant and three co-defendants with conspiracy to possess with intent to distribute and distribution of a controlled substance in violation of 21 U.S.C. §§ 841(b)(1)(A)(iii), 846. On May 17, 2011, movant pled guilty pursuant to a plea agreement. *See United States v. Roberts*, 3:10-CR-331-K (2) (N.D. Tex.) (docs. 1, 55, 56, 57, 70, 74, 77). (All references to document numbers refer to documents docketed in movant's underlying criminal case, unless otherwise noted). As part of his plea agreement, movant agreed to fully cooperate with the government and the government in return agreed to, within its discretion, ask for a downward departure in sentencing based on movant's substantial assistance. (docs. 56, 57). As part of his plea agreement, movant also agreed to waive his right to direct appeal, except movant

preserved his right to bring a direct appeal challenging his sentence on the basis that it either exceeded the statutory maximum sentence or was calculated in error and to challenge, either on direct appeal or collaterally, the voluntariness of his guilty plea or waiver or raise a claim of ineffective assistance of counsel.  (doc. 56).  On July 27, 2011, the probation department submitted a presentence report (PSR) that calculated movant's sentencing guideline offense level to be a 36, and his criminal history level as a Category VI, with the resulting sentencing range of 324 to 405 months. (*See* PSR ¶ 109).  On October 26, 2011, after the government agreed to drop a two-level gun enhancement and after this Court granted the government's motion for a four-level downward departure in sentencing, which resulted in a level 30 offense level, movant was sentenced to to 168 months imprisonment, at the bottom of the 168 to 210 month sentencing guideline range.  (doc. 153, 154, 204).  Movant did not file a direct appeal.

On October 17, 2012, movant mailed his § 2255 motion alleging that his trial counsel was ineffective for failing to object to a Rule 32 violation and the Court's misapplication of the federal sentencing guidelines, fo failing to argue in support of a concurrent sentence, and for failing to appeal his conviction and sentence after movant asked him to do so.  The government filed its response on February 6, 2013, and a supplemental response on June 5, 2013.  Movant filed a reply brief on March 11, 2013.  The Court appointed counsel to represent movant and conducted an evidentiary hearing on March 26, 2014.

## II. ANALYSIS

Following conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a petitioner stands fairly and finally convicted. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc)); *see also United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Under 28 U.S.C. § 2255, a movant can collaterally challenge his conviction only on constitutional or jurisdictional grounds.

Furthermore, movant voluntarily pled guilty and waived his right to collaterally attack his conviction, except for claims challenging the voluntariness of his plea and waiver and ineffective assistance of counsel. (*See* doc. 149). Generally, "an informed and voluntary waiver of post-conviction relief is effective to bar such relief." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (per curiam), *accord United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). "A defendant's waiver of [his or] her right to appeal is not informed if the defendant does not know the possible consequences of [the] decision." *United States v. Baty*, 980 F.2d 977, 979 (5th Cir. 1992). A defendant's waiver of the right to appeal requires special attention from the district court, and it is the district court's responsibility to ensure that a defendant fully understands his right to appeal and the consequences of waiving that right. *Id*.

In his § 2255 motion, movant alleges defense counsel rendered constitutionally ineffective assistance by: 1) failing to object because the Court never inquired, as required by the Rule 32, whether counsel had discussed the PSR with movant; 2) failing

3

to object that the PSR misapplied the sentencing guidelines; 3) failing to argue that his federal sentence should be served concurrently with his state parole revocation; and 4) failing to file a notice of appeal after movant requested that he do so. (Mot. at 4).

To establish ineffective assistance of counsel, a movant must demonstrate (1) that counsel's performance was deficient, and (2) that there is a reasonable probability that, but for counsel's errors, the outcome would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). A court need not address both components of this inquiry if the petitioner makes an insufficient showing on one. *Strickland*, 466 U.S. at 697. To show prejudice in the sentencing context, the movant must demonstrate that the alleged deficiency of counsel created a reasonable probability that his sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice"). One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are insufficient to obtain relief under § 2255. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

A.     <u>Rule 32</u>

Movant first asserts that his attorney was ineffective for failing to object because this Court did not specifically ask at the sentencing hearing whether or not movant had read and discussed the PSR with his attorney as required by Rule 32(i)(A) of the Federal Rules of Criminal Procedure.  Movant's argument appears to be that, had counsel objected, it would have been determined that his attorney had not provided movant with a copy of the PSR and had not discussed it with movant.  However, both movant and his attorney, George Johnson, testified at the evidentiary hearing that movant did receive a copy of the PSR and that they did discuss it prior to his sentencing hearing. In contrast to his testimony at the evidentiary hearing, movant submitted an affidavit with his § 2255 motion in which he states that he did not see a copy of the PSR until his sentencing hearing. (Brief, Ex. B).  Movant was unhappy that he was not provided a copy of the PSR until after his attorney filed objections to it.  Nevertheless, he was provided a copy of it prior to sentencing.  Furthermore, both movant and Johnson testified at the hearing that, as a result of their discussion about the PSR, and Johnson's subsequent discussions with the prosecuting attorney, the government agreed to drop the gun enhancement set forth in the PSR.  This resulted in a two-level drop in movant's sentencing guideline. (*See* PSR ¶ 46; doc. 204 at 2-3).  Counsel was not deficient in this regard, and movant has failed to demonstrate any prejudice.

B.  **Career Offender**

Movant next asserts that his attorney was ineffective for failing to object to the PSR on the basis that his criminal history category was calculated higher because he was determined to be a career offender.  (Brief at 8-16; PSR, ¶¶ 60, 61, 62).  At the evidentiary hearing, counsel testified that he did not make this objection because he did not believe that it had merit.  He testified that he did initially object to the PSR on the basis that movant was being held responsible for too large an amount of drugs, but withdrew these objections after a discussion with the prosecutor in which she expressed her belief that the objections were not meritorious.

Under the sentencing guidelines, movant was determined to be a career offender (and therefore was calculated to have a Category VI criminal history) because he, having pled guilty to a controlled substance offense, had two prior felony convictions for either a violent crime or a controlled substance offense. (PSR, ¶¶ 52, 62); *see also* U.S.S.G. § 4B1.1.  Movant has three prior felony convictions that were used to calculate his criminal history category: 1) a 1989 state conviction for unlawful possession of a controlled substance with intent to deliver; 2) a 1991 federal conviction for carrying a firearm during a drug-trafficking crime; and 3) a 1992 state conviction for unlawful delivery of a controlled substance. (PSR, ¶¶ 57, 58, 59).  He contends that the 1989 conviction should not have been used to calculate his criminal history because it is too old, and he asserts that the 1991 and 1992 convictions should not be considered separately because they arose out of the same arrest and they were included in the same

charging instrument because he was initially charged in the federal indictment with both carrying a firearm and with the underlying controlled substance offense. (Brief at 8-16). Notwithstanding that a count in the 1991 federal indictment might have been dismissed, he was convicted in federal court in 1991 pursuant to a federal indictment, and he was convicted on a separate date in state court in 1992 pursuant to a state indictment. They were therefore properly considered as two separately offenses when calculating movant's criminal history. *See* U.S.S.G. § 4A1.2(a)(2). Because these two convictions were properly considered, movant was appropriately sentenced as a career offender, and his attorney was therefore not deficient for failing to object to movant's criminal history category.

C.  **Concurrent Sentences**

Movant next contends that his counsel was ineffective for failing to argue that his federal sentence should run concurrently with the revocation of his state parole. (Brief at 20). However, the judgment specifically states that "[t]his case shall run concurrently with any sentence imposed in Case F-9140072 out of Dallas County, Texas, and any other state sentence imposed." (*See* Judgment, doc. 153). While movant asserts that, according to a Bureau of Prisons computation sheet, he is not serving his sentences concurrently (Reply at 5), he does not explain what further action his attorney could have taken to insure that he serves his sentences concurrently. Because the judgment specifically states that movant is to serve his federal sentence concurrent to any state parole revocation or other state sentence, defense counsel was not ineffective for failing

7

to argue that his sentence should run concurrently.

**D.     Notice of Appeal**

Finally, movant asserts that he asked that his attorney file a notice of appeal but Johnson failed to do so. *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (holding that an attorney performs deficiently when he disregards specific instructions from his client to file a notice of appeal). Movant submitted a sworn affidavit with his § 2255 motion stating that he asked his attorney to file an appeal but he did not do so. At the evidentiary hearing, movant testified that he told his attorney at the conclusion of his sentencing hearing that he wished to file a direct appeal. Movant's mother testified at the evidentiary hearing that movant told her in a telephone conversation that he intended to appeal his sentence. She was not present during any conversation between movant and his attorney concerning his desire to appeal his sentence. In contrast, defense counsel George Johnson testified that movant never told him that he wished to file a direct appeal. He further testified that he did not have an opportunity to speak to movant after his sentencing hearing because he asked that movant be sentenced first that day due to movant's illness, after which movant left the courtroom. Johnson did not hear from movant again until he received a letter from movant in February of 2012 inquiring about the status of his appeal. (*See* Hearing Govt. Ex. 1). Johnson sent a letter to movant responding to his letter, advising him that no appeal had been filed on his behalf, that movant had waived his right to appeal in most circumstances, and that he did reserve the right to challenge the voluntariness of his plea and the right to assert

ineffective assistance of counsel. (Hearing Govt. Ex. 2).

Based on the demeanor of the witnesses at the hearing, their respective roles, any apparent bias, consistencies in testimony, explanations for inconsistencies, and corroborating evidence, the Court finds that movant did not advise Johnson that he wished to directly appeal his sentence. Counsel was therefore not ineffective for failing to do so. *See Flores-Ortega*, 528 U.S. at 479-80; *White v. Johnson*, 180 F.3d 648, 652 (5th Cir. 1999) (holding that counsel is required to fully inform his client of his appellate rights). Movant's claims of ineffective assistance of counsel are without merit and denied.

### III. CONCLUSION

For the foregoing reasons, movant's motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255 is **DENIED**.

SO ORDERED.

Signed this 14th day of April, 2014.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE

9